# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKE DOUGLAS PATTERSON,

      Plaintiff,

v.

      Civil Action No. 5:14cv125
      (Judge Stamp)

CENTRAL REGIONAL JAIL,[1]

      Defendant.

## REPORT AND RECOMMENDATION

This case was initiated on September 15, 2014 by the filing of a civil rights complaint pursuant to 42 U.S.C. §1983 along with a motion to proceed as a pauper and supporting documents. By Order entered September 16, 2014, the plaintiff was granted permission to proceed as a pauper but directed to pay an initial partial filing fee. Plaintiff paid the requisite fee on October 9, 2014. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §1915(e).

### I. The Complaint

The plaintiff, who is currently incarcerated in the Central Regional Jail ("CRJ") in Sutton, West Virginia, has filed a complaint against the Central Regional Jail Authority ("CRJA") complaining of numerous conditions of confinement at the CRJ. The plaintiff seeks an unspecified amount of damages for his "pain and suffering;" injunctive relief in the form of "fix[ing] the problem" with the CRJA for permitting the complained-of conditions at the CRJ to continue; and "put[ting] charges on" the CRJA for the same.

The plaintiff's complaint contains seven specific claims for relief. First, he alleges that inmates are not permitted to stop and talk to other inmates on their pod to get legal advice from

---

[1] By separate Order, the Clerk is being directed to correct the docket to reflect that the named defendant is actually the Central Regional Jail Authority, not the Central Regional Jail.

1

each other; (2) inmates have to sleep on the floor with their head below the toilet seat; (3) inmates are not permitted to assist one another in the law library; (4) the guards go through inmates' belongings when the inmates are not present and sometimes things come up missing afterwards; (5) unspecified others go through the CRJ incoming and outgoing mail, "tampering with" it; (6) outdoor recreation times are sometimes held at "1 to 3 am" when there is no sunlight; and (7) he has a "videmal [sic] D problem" and "they will not give me the pill" needed for the problem.

Finally, the plaintiff alleges, without clarifying, that the guards tell inmates at the CRJ "because we are in P.C. we are treated this way. We are cage [sic] like Amanmal [sic] if we say any thing [sic] we are told Fuck us there [sic] nothing we can do."[2]

## II. Standard of Review

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325. However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," Id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which

---
[2] Dkt.# 1-1 at 2.

the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). As discussed more fully below, the plaintiff's request for damages against the defendant has no chance for success. Therefore, the undersigned recommends that this case be dismissed.

### III. Analysis

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

In the instant case, the plaintiff does not name any person as a defendant, but instead, names the Central Regional Jail Authority. The Central Regional Jail Authority is not a proper defendant because it is not a person subject to suit under 42 U.S.C. § 1983. See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. § 1983); and Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C.

1983).  This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70.

### IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Dkt.# 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915A and 1915(e) for failure to state a claim upon which relief can be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation with the Clerk of the Court, **or by November 10, 2014**, any party may file written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the United States District Judge.  **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**.  28 U.S.C. ' 636(b)(1);  Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff via certified mail, return receipt requested, at his last known address as reflected on the docket.

DATED: October 27, 2014

    /s/   James E. Seibert                 
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE