IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CLARKE DOUGLAS PATTERSON,

         Plaintiff,

v.                                         Civil Action No. 5:14CV125
                                                              (STAMP)
CENTRAL REGIONAL JAIL AUTHORITY,

         Defendant.


                    **MEMORANDUM OPINION AND ORDER**
                  **AFFIRMING AND ADOPTING THE REPORT AND**
                 **RECOMMENDATION OF THE MAGISTRATE JUDGE**
                **DISMISSING WITH PREJUDICE THE CIVIL ACTION**

                         I.  Background

    The pro se[1] plaintiff filed his complaint with this Court, alleging a cause of action under 42 U.S.C. § 1983 ("§ 1983"). ECF No. 1. The plaintiff is currently incarcerated in the Central Regional Jail Authority, located in Sutton, West Virginia. Pursuant to his complaint, the plaintiff alleges the following: (1) the defendant's training manual prohibits inmates from talking to each other when both are confined to the same "pod"; (2) the inmates are required to sleep on the floor under toilets; (3) the law library available to him and other inmates is inadequate, and inmates are prohibited from discussing legal advice; (4) that prison staff are searching through their belongings without prior consent; (5) the prison guards are allegedly tampering with the

─────────────────

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

plaintiff's mail; and (6) the prison staff will not assist him in filing a grievance form or permit him to print it. Regarding his damages, he claims that he has been unable to properly represent himself, had his items stolen, and that the prison officials have been "doing [him] wrong." ECF No. 1. For relief, the plaintiff requests that the alleged complaints be resolved and that he receive damages for his alleged pain and suffering. Along with filing the complaint, the plaintiff also filed a motion for leave to proceed in forma pauperis, which the magistrate judge partially granted. The plaintiff was required to only pay a portion of the fee, which he did. ECF Nos. 2 and 6, respectively.

The magistrate judge later entered a report and recommendation, recommending dismissal with prejudice. The magistrate judge found the complaint to be frivolous, noting in particular that the plaintiff's request for damages has little or no chance of success. In particular, the magistrate judge pointed out that under a § 1983 action, a plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws, pursuant to Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). Here, the plaintiff names the Central Regional Jail Authority, rather than a person, as a defendant. Thus, that is an improper party in a § 1983 action because it is not a person. Accordingly, the magistrate judge found that the claim is meritless and thus

frivolous.  For those reasons, the magistrate judge recommended that this civil action be dismissed with prejudice.

The plaintiff then filed objections to the magistrate judge's report and recommendation.  ECF No. 16.[2]  The plaintiff first claims that he can neither print any grievances as proof of his injury nor successfully attempt to rectify the situation.  Thus, he claims that only an order by the Court will give him the ability to provide the necessary information.  Second, the plaintiff claims that he has very little knowledge about the law and has limited resources available to him.  He then requests the Court to amend the caption of this civil action to provide the proper defendant.  Third, he requests copies of various legal sources, including the Local Rules of Civil Procedure for this Court and the Federal Rules of Civil Procedure, because the law library he uses allegedly contains only state law books.  Finally, he notes that he only has a third or fourth grade reading comprehension level, and thus indicates a need for leniency when interpreting his complaint.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made.  Because the plaintiff filed

---

[2]It should be noted that the plaintiff filed additional objections on December 1, 2014.  ECF No. 20.  However, those objections are untimely. Nonetheless, the plaintiff in that filing lists the same incidents that he provided in his complaint.

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

III. <u>Discussion</u>

Pursuant to 28 U.S.C. § 1915(e), this Court is required to dismiss all civil actions filed if at any time the Court determines that the plaintiff's action is one of the following: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;" or (iii) if the action seeks recovery from an individual that is immune. 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a <u>pro se</u> complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Further, a complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

As stated earlier, the plaintiff filed a civil rights complaint pursuant § 1983. Section 1983 states the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other

4

> person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, a § 1983 claims has two elements. First, the plaintiff must demonstrate that he or she was deprived of a right "secured by the Constitution and the laws" of the United States. Luga v. Edmonson Oil Co., Inc., 457 U.S. 922, 930 (1982) (internal citations omitted). Second, the plaintiff must show that the individual who deprived him or her of such rights acted under color of state law. Id.; see Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Further, the proper defendants in a § 1983 claim are "the persons whose wrongful acts harmed the plaintiff." Moore v. Pemberton, 110 F.3d 22, 23-24 (7th Cir. 1997). The key aspect of the above sentence is that the defendant must be a "person" for purposes of a § 1983 claim. Accordingly, defendants that are not "persons" under § 1983 are unable to be sued under such an action. Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (per curiam) ("Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983."); see Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (finding that "persons" under § 1983 does not include states or their officials).

In this civil action, the plaintiff has not named a person as a defendant. Rather, the plaintiff filed suit against the Central Regional Jail Authority. Although a pro se litigant's filings are often held to a less stringent pleading standard, they still "bear some responsibility for identifying their claims." Davis v. Johns, 5:10CV2189, 2011 WL 2669270, at *3 (E.D.N.C. July 7, 2011) (citing Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004)). As mentioned earlier, only "persons" are amenable to suit under § 1983. At first glance, it appears the plaintiff's claim cannot proceed.

The plaintiff, however, maintains four objections. First, the plaintiff objects to the magistrate judge's recommendation that this civil action be dismissed with prejudice. Specifically, the plaintiff alleges that he has limited access to the law library and necessary paperwork. Because of that, he alleges he has been unable to address that recommendation. Second, the plaintiff claims that he maintains practically no legal knowledge and has limited resources with which to respond. Third, he believes that he needs more legal books in order to litigate his claim. Regarding the third objection, he has labeled it a motion for additional legal textbooks. Finally, the plaintiff requests that this Court help him determine who the proper defendant is so that his claim may continue, rather than be dismissed as the magistrate judge recommended.

Concerning the first three objections, the plaintiff alleges no facts so as to demonstrate that such conditions do exist. Regarding the plaintiff's final objection, although he is proceeding pro se, he must still "bear some responsibility for identifying" his claims. Id. Indeed, "[t]he Court is not authorized to become the advocate for the pro se litigant." Grubbs v. Salvation Army, 5:13CV4017, 2014 WL 6977943, at *4 (D. Kan. Dec. 9, 2014). Accordingly, "the court will not construct arguments or theories for the plaintiff in the absence of any discussion" of such items. Drake v. City of Fort Collins, 927 F.2d 1156 (10th Cir. 1991). Therefore, in this civil action, it is not this Court's position that it must advocate for the plaintiff who he should file suit against. See, e.g., Barmes v. Nolan, 123 F. App'x 238 (7th Cir. 2005). As the magistrate judge correctly points out, the plaintiff's request for damages against the defendant, the Central Regional Jail Authority, cannot succeed under a § 1983 claim. Therefore, the plaintiff's claim has no merit. Accordingly, the claim should be considered frivolous and baseless.

## IV. Conclusion

For the reasons described above, the report and recommendation by the magistrate judge is AFFIRMED AND ADOPTED. ECF No. 12. The plaintiff's claim is DISMISSED WITH PREJUDICE and his objections are OVERRULED. ECF No. 16. Accordingly, all pending motions are hereby DENIED AS MOOT. Further, it is ORDERED that this civil

action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 12, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE